UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SUMAN KRISHNA KORRAPATI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00345-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER TO SHOW CAUSE

On July 2, 2025, Suman Krishna Korrapati filed a civil action in this Court against the United States of America (the Government), seeking to quiet title for two properties in Penobscot County, Maine pursuant to 28 U.S.C. § 2410. *Compl. to Quiet Title Under 28 U.S.C. § 2410* (ECF No. 1) (*Compl.*). He filed an attachment to his complaint on the following day. *Suppl. Submission – Ex. to Quiet Title Compl.* (ECF No. 4). On review, the Court identified several ambiguities in Mr. Korrapati's complaint and, on July 3, 2025, ordered the Plaintiff to respond to the Court's concerns within seven days. *Order to Clarify* at 1-2 (ECF No. 5). Specifically, the Court ordered Mr. Korrapati to 1) clarify his true name, based on a contradiction between the name on the complaint, its signature, and the civil cover sheet, 2) clarify his legal address and residence, based on a conflict between the addresses listed in the complaint, the civil cover sheet, and the filing envelope,[1] and 3) clarify the role of

---

[1] Related to its concern regarding the accuracy of Mr. Korrapati's stated address, the Court further notes that the Court Clerk's Notice to pro se litigants, *Notice* (ECF No. 3), the Court's Order to Clarify, *Order to Clarify*, and the United States Magistrate Judge's order regarding filing fee, *Order Regarding Filing Fee* (ECF No. 6), were each mailed to the return address provided on Mr. Korrapati's filing envelope but were each returned by the United States Postal Service as undeliverable with the designation "return to sender; vacant; unable to forward." *See Mail* (ECF No. 7) (Order Regarding

Nathan Reardon in this lawsuit, an enjoined filer in this District whose name and home address were listed as the return address on the filing envelope. *Id.* at 1-2. Mr. Korrapati's response was due on July 10, 2025. *Id.* at 2. As of the date of this order, the Court has not received any response to its Order to Clarify.

Pursuant to Federal Rule of Civil Procedure 41(b), dismissal of an action is appropriate when a party fails to prosecute its case or comply with the Court's orders. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it"). Furthermore, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)).

To date, Mr. Korrapati has failed or declined to comply with the Court's order to provide clarifying answers to its questions. Because Plaintiff has not complied with the Court's July 3, 2025 order, his complaint may warrant dismissal pursuant to Rule 41(b). Furthermore, as the Court observed in its July 3, 2025 order, it is each party's obligation to maintain a current address with a court. *See Order to Clarify* at 2. Mr. Korrapati's failure to inform the Court about his true current address and the subsequent returns as undeliverable because vacant and/or unable to forward of attempted mail from the Clerk's Office to Mr. Korrapati at the addresses he provided

---

Filing returned as undeliverable); *Mail* (ECF No 8) (Order to Clarify returned as undeliverable); *Mail* (ECF No. 9) (Notice returned as undeliverable).

constitute a separate basis for dismissal of his complaint. *See Mail* (ECF Nos. 7, 8, 9).

The Court thus ORDERS Mr. Korrapati to SHOW CAUSE within seven days as to, first, why he has not complied with the Court's July 3, 2025 Order to Clarify and, second, as to why the matter should not be dismissed. The Court further ORDERS the Plaintiff to respond to the Court's three questions in the Order to Clarify within the same period. *See Order to Clarify* at 1-2. If Mr. Korrapati fails to so comply with this order to show cause, the Court warns Mr. Korrapati that dismissal may be warranted pursuant to Rule 41(b).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of July, 2025