UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SUMAN KRISHNA KORRAPATI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00345-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING RULE 60(b) MOTION**

On July 2, 2025, Suman Krishna Korrapati filed a complaint in this Court against the United States of America, seeking to quiet title for two properties in Penobscot County, Maine, pursuant to 28 U.S.C. § 2410, which he supplemented with an attachment the following day. *Compl. to Quiet Title Under 28 U.S.C. § 2410* (ECF No. 1) (*Compl.*); *Suppl. Submission – Ex. to Quiet Title Compl.* (ECF No. 4).

On July 3, 2025, the Court ordered Mr. Korrapati to resolve several discrepancies in his Complaint, which listed different names and addresses and included reference to Nathan Reardon, who is an enjoined filer in this Court. *Order to Clarify* (ECF No. 5). The Court ordered Mr. Korrapati to clarify (1) his true name; (2) his legal address and residence; and (3) the role of Nathan Reardon in this lawsuit. *Id.* at 1-2. Mr. Korrapati's response was due on July 10, 2025. *Id.* at 2. Mr. Korrapati did not respond to the Order to Clarify.

Mr. Korrapati also did not pay the filing fee when he filed this lawsuit. Consequently, on July 7, 2025, the United States Magistrate Judge ordered Mr. Korrapati, within three weeks, either to pay the required filing fee or to file an in

forma pauperis application. *Order Regarding Filing Fee* (ECF No. 6). The Magistrate Judge's order also informed Mr. Korrapati of the risk of dismissal of his complaint should he fail to pay the filing fee or file an application no later than July 28, 2025. *Id*. Mr. Korrapati did not respond to the Magistrate Judge's Order, nor did he pay the filing fee or file an in forma pauperis application.

Furthermore, several of the Court's mailings to Mr. Korrapati's listed address were returned as undeliverable, including designations such as "return to sender; vacant; unable to forward." *See Mail* (ECF No. 7) (Order Regarding Filing returned as undeliverable); *Mail* (ECF No. 8) (Order to Clarify returned as undeliverable); *Mail* (ECF No. 9) (Notice returned as undeliverable). On July 29, 2025, the Court issued a show cause order, requesting an explanation for why Mr. Korrapati's case should not be dismissed for failure to comply with court orders, failure to maintain a current address with the court, and failure to prosecute his case. *Order to Show Cause* at 2 (ECF No. 10). When Mr. Korrapati again failed to respond, the Court dismissed his Complaint. *Order of Dismissal* (ECF No. 12).

Ten days later, on August 22, 2025, Mr. Korrapati filed an emergency motion to vacate the Court's dismissal (Motion to Vacate) and expedite a hearing on his Complaint. *Emer. Mot. to Reopen Case and Vacate Dismissal Under Fed. R. Civ. P. 60(b)* (*Emer. Mot.*)*; Req. to Accept Filing Fee Instanter and Expedite Hr'g* (ECF No. 15). Mr. Korrapati argued he is entitled to vacatur of the Court's dismissal "under Rule 60(b)(1) for mistake, inadvertence, or excusable neglect," because he never received notice of the Court's and Magistrate Judge's orders, thus "demonstrat[ing]

2

[he] did not willfully ignore the Court's orders[,]" as they were all returned as undeliverable. *Emer. Mot.* at 1 (citing FED. R. OF CIV. P. 60(b)).  Mr. Korrapati did not address any of the questions from either the Court's July 3 Order to Clarify or its July 29 Order to Show Cause.  Mr. Korrapati also did not explain why he still has not paid the filing fee or filed an in forma pauperis application.

Consequently, on August 25, 2025, the Court denied Mr. Korrapati's emergency hearing request and withheld ruling on his motion to vacate until Mr. Korrapati addressed the Court's repeated requests for clarification. *Order to Respond* at 4 (ECF No. 16).  In its Order to Respond, the Court provided Mr. Korrapati no more than seven days to clarify (1) his true name; (2) his legal address and residence; (3) the role of Nathan Reardon in this lawsuit; and (4) explain his failure to respond to the Magistrate Judge's order to pay the filing fee or file an application to proceed in forma pauperis. *Id.* at 4-5.  The Court further warned Mr. Korrapati that "[f]ailure to timely and adequately respon[d] [would] result in a denial of his August 22, 2025 motions." *Id* at 5.

That same day, pursuant to the Court's Order to Respond, Mr. Korrapati filed a second emergency motion to vacate dismissal and a supplemental motion for clarification (Supplemental Motion), which answered some of the Court's outstanding questions. *Emer. Mot. to Reopen Case and Vacate Dismissal* (*Second Emer. Mot.*) (ECF No. 17); *Suppl. Mot. for Clarification* (ECF No. 18) (*Supp. Mot.*).  The Supplemental Motion clarified Mr. Korrapati's name and disclaimed any involvement from Nathan Reardon, who "has no role or involvement in this lien or in this

3

litigation." *Supp. Mot.* at 1. The Supplemental Motion did not address the Court's questions about Mr. Korrapati's address or his failure to respond to the Magistrate Judge's order. Notably, the Clerk of Court also received a four-hundred-and-five dollar check from Nathan Reardon as payment for the filing fee in this case.[1]

The Court dismisses without prejudice Mr. Korrapati's motions to vacate. The Court's orders were especially clear and uncomplicated: (1) Who are you? (2) What is your address and why was court correspondence repeatedly returned as undeliverable to your listed address? (3) Why have you ignored the Magistrate Judge's order to pay the filing fee or apply to proceed in forma pauperis? And (4) what is Nathan Reardon's role in your case? As Mr. Korrapati explains, "his full legal name is *Suman Krishna Korrapati*. Any references in prior filings to 'Suman Korrapati' are shorthand references to the same individual." *Suppl. Mot.* at 1. Thus, Mr. Korrapati has answered question (1).

On questions (2), (3), and (4), however, Mr. Korrapati's Supplemental Motion is either inadequate or entirely unresponsive. Mr. Korrapati fails to clarify his correct address and explain why court mail sent to his listed address (P.O. Box 52, Detroit, Maine 04929) was repeatedly returned as undeliverable. He is also silent on why he failed to respond to the Magistrate Judge's order to pay the filing fee or apply to proceed in forma pauperis. As a litigant, Mr. Korrapati is responsible for maintaining a valid address with the Court and for paying the filing fee or applying for a fee

---

[1]  Because the case was dismissed, the Clerk of Court returned the check, and in a letter to Mr. Reardon, explained payment of the filing fee would be necessary only upon the Court's grant of Mr. Korrapati's pending motion.

waiver. By failing to comply with these basic requirements, and declining to offer the Court any explanation for his repeated noncompliance, Mr. Korrapati has put the Court to issue several unnecessary orders. *See Order to Show Cause*; *Order of Dismissal*; *Order to Respond*.

Furthermore, Mr. Korrapati has either failed or refused to clarify Nathan Reardon's role in this case. Considering that Mr. Korrapati is using Mr. Reardon's P.O. Box as his legal mailing address and Mr. Reardon mailed the Clerk's Office a check to pay the filing fee in this case, the Court is not convinced by Mr. Korrapati's blanket denial that "Nathan Reardon has no role or involvement." *Supp. Mot.* at 1.

No litigant has the right to selectively respond to court orders, choosing those parts to answer and those parts to ignore. A "party's disregard of a court order is a paradigmatic example of extreme misconduct." *Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005). A litigant who ignores a court order "does so at his peril." *Young v. Gordon*, 330 F.3d 76, 82 (1st Cir. 2003). By failing to address all of the Court's questions, Mr. Korrapati has failed to sustain his burden for relief under Federal Rule of Civil Procedure 60(b). Thus, the Court dismisses his Rule 60(b) motion without prejudice. This means that technically, Mr. Korrapati may bring a new lawsuit on the same subject in federal court; however, Mr. Korrapati should be aware that if he elects to file again, he must make certain that he can receive and respond to court orders in a timely and effective manner or he risks suffering the same fate with any new complaint, and may be barred from filing another one on the same facts and theories.

The Court DISMISSES without prejudice Suman Krishna Korrapati's Emergency Motion to Reopen Case and Vacate Dismissal Under Fed. R. Civ. P. 60(b) (ECF No. 15) and Emergency Motion to Reopen Case and Vacate Dismissal (ECF No. 17).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2025